UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| Thirteen Thousand One Hundred Twenty-Two ) | JURY TRIAL REQUESTED |
| Dollars ($13,122.00), in U.S. Currency, more or ) | |
| less, seized from Joseph Callahan; ) | |
| ) | |
| Defendant *in rem* ) | |
| _____) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*,
FOR PROPERTY WITHIN THE UNITED STATES' POSSESSION, CUSTODY
OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G**

Plaintiff, United States of America, brings this Complaint according to Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

This is an action to forfeit and condemn to the use and benefit of the United States of America the defendant *in rem*, for violations of 21 U.S.C. § 881(a)(6).

**JURISDICTION AND VENUE**

The Court has jurisdiction over this action under 21 U.S.C. §§ 1345 and 1355. Venue is proper in this district pursuant to 28 U.S.C. §§ 1395 and 1355(b)(1)(A) and (B).

**THE DEFENDANT *IN REM***

The defendant *in rem* consists of the following property: Thirteen Thousand One Hundred Twenty-Two Dollars ($13,122.00), in U.S. Currency, more or less, seized from Joseph Callahan. The defendant *in rem* is currently in the custody of the Belknap County Sheriff's Department.

**FACTS**

1. In July 2017, police received numerous complaints about Joseph Callahan and his residence at 24 Arlene Drive Unit B, Belmont, New Hampshire. The complaints concerned vehicles arriving at the residence throughout the day and night, and the vehicles' occupants staying for a short time. This activity would occur for a day or two, stop for a few days, and start again. Over several months, police identified chronic drug users visiting the residence or having just left.

2. On the morning of July 31, 2017, the Belknap County Special Operations Group, along with officers of the Alton and Belmont Police Departments, executed a search warrant at Callahan's residence, as part of a burglary investigation.

3. As officers executed the warrant, one observed Callahan in the basement living room, sitting on a couch. When other SWAT Team members knocked on a door, Callahan ran towards the basement laundry room. As the team entered through the basement door, they chased Callahan up the stairway to the main floor, where other team members detained him. They also detained Callahan's girlfriend, Heather Lowrey.

4. The SWAT officers conducted an initial search for people and hazards, which they stopped upon the discovery of what was later determined to be a ball of methamphetamine, large amounts of United States currency, packaging baggies, scales and various drug paraphernalia, all in plain view. The search party notified Sgt. Bill Wright of the Belknap County Drug Task Force about the drug trafficking evidence, and that same morning, Sgt. Wright obtained and executed a second state search warrant.

5. The second search began in the basement living room, where officers found methamphetamine, scales, packaging baggies and ledgers. The search of the residence, vehicles,

enclosed trailer and outbuilding yielded a distribution quantity of methamphetamine, individually packaged Suboxone strips, capsules with unknown contents, a hand press, sandwich bags, numerous digital scales, multiple cellular telephones, a ledger, and a total of approximately $13,122.00 in United States currency, in various denominations. They also found personal papers and items, including a bank account statement and debit card, with Callahan's name on them.

6. The State of New Hampshire, Department of Safety Laboratory analyzed two larger baggies with the suspected methamphetamine. Both tested positive for the presence of methamphetamine. The approximate total weight for the two items is 31.59 grams.

7. In addition, during the search of the utility trailer on the property, officers located three firearms, which they later identified as stolen.

8. After his arrest on state drug charges, Callahan jumped bail, traveled to Nevada, used a false identity, but finally returned to New Hampshire, where officers arrested him in January 2018.

9. A federal grand jury indicted Callahan on February 21, 2018.

## CLAIM FOR FORFEITURE

10. The allegations contained in paragraphs 1 through 8 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

11. Title 21, U.S.C. § 881(a)(6) subjects to forfeiture "all moneys … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or … all proceeds traceable to such an exchange and all moneys … used or intended to be used to facilitate any violation of" the Controlled Substances Act.

12. The defendant *in rem* Thirteen Thousand One Hundred Twenty-Two Dollars ($13,122.00), in U.S. Currency, more or less, seized from Joseph Callahan was furnished or

intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act.

13. As a result, the defendant *in rem* is liable for condemnation and forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

Therefore, the United States requests that:

(a) the Court issue a Warrant of Arrest *in Rem* in the form submitted with this Verified Complaint to the United States Marshal commanding him to arrest the defendant *in rem*;

(b) this matter be scheduled for a jury trial;

(c) judgment of forfeiture be decreed against the defendant *in rem*;

(d) the defendant *in rem* be disposed of according to law; and,

(e) this Court grant the United States of America its costs and whatever other relief to which it may be entitled.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

Dated: April 6, 2018

By: /s/ Robert J. Rabuck
Robert J. Rabuck
NH Bar # 2087
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire
603-225-1552
rob.rabuck@usdoj.gov

## **VERIFICATION**

I, Norman J. Houle, being duly sworn, depose and say that I am a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *in rem* and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substances laws of the State of New Hampshire and of the United States.

/s/ Norman J. Houle
Norman J. Houle


STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me this 5th day of April, 2018.

/s/ Francine Doucette Conrad

Notary Public

My commission expires: April 23, 2019

JS 44-A
JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, ) | |
|                Plaintiff, ) | |
| v. ) | Civil No. |
| Thirteen Thousand One Hundred Twenty-Two Dollars ($13,122.00), in U.S. Currency, more or less, seized from Joseph Callahan; ) | |
|                Defendant *in rem* ) | |

**SUMMONS AND WARRANT OF ARREST *IN REM*
FOR ISSUANCE BY THE CLERK OF COURT
PURSUANT TO SUPPLEMENTAL RULE G(3)(b)(i)**

To the United States Marshal or any duly authorized Federal Law Enforcement Officer for the District of New Hampshire:

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, a Verified Complaint for Forfeiture *in rem* was filed on April    , 2018 in the U.S. District Court for the District of New Hampshire, alleging that the following property is subject to forfeiture to the United States:  Thirteen Thousand One Hundred Twenty-Two Dollars ($13,122.00), in U.S. Currency, more or less, seized from Joseph Callahan.  The complaint alleges that the property was furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., or proceeds traceable to such an exchange, or money used or intended to be used to facilitate violations of the Act, or property used or intended for use, to transport or facilitate the transportation, sale, receipt, possession and concealment of a controlled substance, and therefore liable to condemnation and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

YOU ARE, THEREFORE, COMMANDED to seize the captioned defendant *in rem* item of personal property, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

IT IS FURTHER ORDERED that the United States Marshal shall maintain custody of the defendant *in rem* item of personal property until further order of this Court, and shall use his discretion and whatever means appropriate to protect and maintain said defendant *in rem*;

IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the defendant *in rem*, a copy of this Summons and Warrant of Arrest in Rem, and the Verified Complaint for Forfeiture in Rem, in a manner consistent with the principles of service of process in an action in rem under Supplemental Rule G and other Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(a);

IT IS FURTHER ORDERED that a return of this Summons and Warrant of Arrest in Rem shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendant *in rem* shall file their Verified Claim within thirty-five (35) days after the date on which they were sent the Notice of Complaint or no later than sixty (60) days after the first day of publication on an official internet government forfeiture site, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G(4)(b)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their Answer to the Complaint within twenty-one (21) days after the filing of their Verified Claims, pursuant to Rule G(4)(b)(ii)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims, with the Office of the Clerk, United States District

Court for the District of New Hampshire, with a copy sent to Assistant United States Attorney Robert J. Rabuck, United States Attorney's Office, District of New Hampshire, James Cleveland Federal Building, 53 Pleasant Street, Concord, NH 03301.

Dated:

_____
Daniel J. Lynch, Clerk of Court